# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-0881V
Filed: May 9, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| JEFFERY PIERCE, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA,* for petitioner.
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 22, 2014, Jeffery Pierce ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré syndrome (GBS) as a result of an influenza ("flu") vaccine he received on October 19, 2013. On November 9, 2015, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 34).

On April 26, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 41). Petitioner requests attorneys' fees in the amount of $46,142.50, and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $17,030.59, for a total amount of $63,173.09.  *Id.* at 2.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On April 26, 2016, respondent filed a response to petitioner's motion.  (ECF No. 42).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $45,000.00 and $52,000.00," but provides no basis or explanation for how she arrived at this proposed range.  *Id.* at 3.

On April 27, 2016, petitioner filed a reply.  (ECF No. 43).  Petitioner argues that respondent "fails to specifically identify any deficiencies, unreasonableness, or billing issues in Petitioner's Application for attorneys' fees and costs" and only provides "a self-serving 'survey' of what the Respondent believes the range for fees and costs in this case should be based on three selective examples of Anapol Weiss's prior attorneys' fees and costs awards."  *Id.* at 2, 3.  Petitioner includes a list of the attorneys' fees and costs awarded petitioner's counsel since 2009 for settled influenza/GBS cases.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests additional attorneys' fees in the amount of $962.50 (3.5 hours of time) for preparing the reply.  *Id.* at 5 n.1, *id.* at 6, n.2.  However, because petitioner's counsel has filed a near-identical reply in other Program influenza/GBS cases, the undersigned does not find the number of hours requested for the preparation of the reply brief to be reasonable in this case.[3]  The undersigned reduces the requested hours to two hours and awards $550.00, for the preparation of petitioner's reply brief.  Thus, the total amount awarded for attorneys' fees and costs is $63,723.09.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $63,723.09,[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Lawrence R. Cohan of the law firm Anapol Weiss.**

---

[3] In future cases counsel may be required to substantiate similar requests with detailed billing records.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.